IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUIZ ORTEGA,<br>*Mr. Ortega*<br><br>    Plaintiff,<br><br>vs.<br><br>LOWE'S COMPANIES, INC. and<br>UNKNOWN EMPLOYEES,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:20-cv-1235 |

## NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC ("Defendant" or "LHC"), improperly named as "Lowe's Companies, Inc." ("LCI"),[1] files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the case styled *Luiz Ortega v. Lowe's Companies, Inc. and Unknown Employees*, Cause No. 2020-CI-17793, from the 150th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for removal, Lowe's respectfully shows the Court as follows:

### I.    STATE COURT ACTION

1.    This case involves personal injuries allegedly sustained by Plaintiff Luiz Ortega ("Plaintiff") as a result of the incident that occurred on Defendant's premises in Bexar County, Texas on May 18, 2020. Plaintiff filed his Original Petition, Rule 194 Requests for Disclosure and Motion for a Temporary Restraining Order (the "Petition") on September 15, 2020 in the 150th

---

[1] LHC files this notice of removal as the correct entity defendant and specifically denies that LCI is a proper party to this action.  However, as explained herein, complete diversity exists even if LCI is considered the named defendant because LCI is a citizen of North Carolina for diversity purposes.

Judicial District Court of Bexar County, Texas (the "State Court Action"). In the Petition, Plaintiff asserts claims for negligence and gross negligence against Defendant and the Unknown Employees (collectively, "Defendants"), seeking to recover damages arising from the injuries Plaintiff allegedly sustained as a result of the alleged conduct of Defendants. Plaintiff pleads damages in excess of $1,000,000.00.

2.  LHC was erroneously served as LCI on September 25, 2020.

3.  Upon information and belief, the Unknown Employees have not been served in this case.

4.  Defendant has not filed responsive pleadings in the State Court Action and reserves all claims and defenses to Plaintiff's suit.[2]

## II.  REQUIREMENTS FOR REMOVAL

5.  An index of all documents filed in State Court Action is attached as "Exhibit A." All documents filed in the State Court Action are attached as "Exhibits A-1 to A-4."

6.  Defendant files this Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(A), which requires all defendants "properly joined and served" to join in or consent to the removal.[3] Because the Unknown Employees have not been served in the State Court Action, their consent is not necessary to remove this case.[4]

---

[2] LCI also has not made an appearance in the State Court Action and reserves all claims and defenses to Plaintiff's suit.

[3] 28 U.S.C. § 1446(b)(2)(A). To the extent necessary, LHC and LCI consent to this removal.

[4] *See* 28 U.S.C. § 1446(b)(2)(A); *Hayden v. Allstate Tex. Lloyds*, No. H-10-646, 2011 WL 240388, at *5 (S.D. Tex. Jan. 20, 2011) (citing *Jones v. Houston Indep. Sch. Dist.*, 979 F.3d 1004, 1007 (5th Cir. 1992)) (recognizing an exception to the rule of unanimity where the non-consenting defendant was not yet served with process at the time the notice of removal was filed); *see also* 28 U.S.C. § 1441(b)(1) (("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.")).

7. Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which plaintiff's action is based.[5] Plaintiff erroneously served a copy of his Petition on LCI on September 25, 2020. Plaintiff has not served the Unknown Employees with the suit. Consequently, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Moreover, this judicial district embraces Bexar County, Texas, where Plaintiff's suit was filed. Therefore, venue is proper in this district under 28 U.S.C. § 1441(a). Additionally, as set forth in more detail below, this Court has original jurisdiction of this matter based on diversity jurisdiction pursuant to 28 U.S.C § 1332(a).

8. As required by 28 U.S.C. § 1446(b), Defendant, the removing parties, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 150th Judicial District Court of Bexar County, Texas, where the State Court Action is currently pending.

### III.    THE COURT HAS JURISDICTION

9. This Court has jurisdiction over this civil action because there is complete diversity of citizenship between the parties who have been properly joined and served and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.[6]

10. Plaintiff is a natural person. Plaintiff's Petition states that he is "an individual residing in Bexar County, Texas" and therefore, on information and belief, Plaintiff is domiciled in the State of Texas and is a citizen of Texas for the purposes of diversity.[7]

---

[5] *See* 28 U.S.C. § 1446(b)(1).
[6] 28 U.S.C. § 1332(a)(1).
[7] Pl.'s Pet. ¶ 2.

11. Plaintiff's Petition asserts that the Unknown Employees reside in Bexar County, Texas.[8] However, the law of this District and the Fifth Circuit requires that the citizenship of unidentified defendants be disregarded for diversity purposes.[9]

12. The sole member of LHC is LCI. LCI is a corporation that is a citizen of North Carolina because it is incorporated in North Carolina and it maintains its principal place of business in North Carolina.[10] There are no other members of LHC. Therefore, LHC is a citizen of North Carolina because its sole member, LCI, is a citizen of North Carolina.[11]

13. Complete diversity of citizenship thus exists as Plaintiff (Texas) is not a citizen of the same state as LHC (North Carolina), making removal appropriate.[12]

14. In the State Court Action, Plaintiff's Petition states that he seeks monetary relief of over $1,000,000.00. Pursuant to 28 U.S.C § 1446(c)(2), the foregoing amount demanded by Plaintiff in his Petition is deemed to be the amount in controversy for purposes of this Notice.[13]

---

[8] *Id.* ¶ 3.

[9] *See Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) ("[T]his case was removable because Met Life was diverse from Weaver; Unknown Payee was a fictitious-name defendant to be disregarded for diversity purposes[.]" (citing 28 U.S.C. § 1441(b)(1))); *see also Gamble v. ARAMARK Mgmt. Servs., L.P.*, No. W-08-CA-179, 2008 WL 11417681, at *2 (W.D. Tex. Oct. 20, 2008).

[10] *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is the citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

[11] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

[12] *See* 28 U.S.C. § 1332(a)(1). Complete diversity also exists between Plaintiff and the incorrectly named entity defendant, LCI, because LCI is a citizen of North Carolina. *See Tewari De-Ox Sys.*, 757 F.3d at 483.

[13] *See Neilson v. Williams*, No. 11-CV228, 2013 WL 1180960, at *1 (E.D. Tex. Jan. 29, 2013) (stating that for diversity purposes, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)), *report and recommendation adopted*, 2013 WL 1180959 (E.D. Tex. June 13, 2013).

## IV.  PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant prays that the United States District Court for the Western District of Texas, San Antonio Division, accepts this Notice of Removal, assumes jurisdiction of this cause, and issues such further orders and process as may be necessary to bring before it all parties necessary for the trial hereof.

Dated:  October 16, 2020

Respectfully submitted,

*/s/ Melanie Kemp Okon*
Melanie Kemp Okon
Texas State Bar No. 24012951
mokon@munckwilson.com
Tri T. Truong
Texas State Bar No. 24102969
ttruong@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: 972-628-3600
Facsimile: 972-628-3616

**COUNSEL FOR DEFENDANT
LOWE'S HOME CENTERS, LLC
(improperly pleaded as "LOWE'S
COMPANIES, INC.")**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2020, a true and correct copy of the foregoing has been served on the following counsel in accordance with the Federal Rules of Civil Procedure:

    Melissa Casey
    **Thomas J. Henry Injury Attorneys**
    5711 University Heights Blvd., Suite 101
    San Antonio, Texas 78249
    Tel. 210-656-1000
    Fax 888-956-6001
    Mcasey-svc@thomasjhenrylaw.com

                                          */s/ Melanie Kemp Okon*
                                          Melanie Kemp Okon

860374