**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**LUIZ ORTEGA,**

    **Plaintiff,**

**v.**                                                        **No. SA-20-CV-01235-JKP-HJB**

**LOWE'S COMPANIES, INC.;**
**UNKNOWN EMPLOYEES,**

    **Defendants.**

## O R D E R

Before the Court is a motion for leave to file an amended complaint filed by Plaintiff Luiz Ortega (ECF No. 14). For the reasons that follow, the Court grants the motion. Plaintiff's amended complaint adds Michael Bernal as a defendant. The Court concludes that Bernal is properly joined. Because Defendant Bernal and Plaintiff Ortega are Texas citizens, this court is deprived of diversity jurisdiction. Accordingly, this case is remanded to state court.

Luiz Ortega filed this personal injury action in the 150th Judicial District Court, Bexar County, Texas, naming Lowe's Companies, Inc. and Unknown Employees as defendants. Lowe's[1] removed the action to federal court on the basis of diversity jurisdiction. This Court had jurisdiction upon removal because it is undisputed that the amount in controversy exceeds $75,000, Ortega is a resident of Texas and Lowe's is a citizen of North Carolina, and the citizenship of defendants sued under fictitious names is disregarded for the purpose of determining diversity jurisdiction. 28 U.S.C. §§ 1332 & 1441(b).

---

[1] Lowe's asserts that it was improperly named in Plaintiff's Original Petition as Lowe's Companies, Inc. and that it is properly named as Lowe's Home Centers, LLC. *ECF No. 1*. This order refers to the corporate defendant(s) as Lowe's.

Ortega moves to amend his complaint to amend the caption to include Lowe's Home Centers, LLC and Lowe's Home Centers, LLC, dba "Lowe's" and to name the unknown employees. As an initial matter the Court grants Plaintiff's leave to amend to add the various names of the corporate defendant(s). The proposed amended complaint substitutes Texas citizens Carlos Araujo and Michael Bernal for the Unknown Employee defendants. He asserts a negligence claim against each of them based on the stacking of the two-by-fours that allegedly struck him. *ECF No. 14 at 2-3, 11-12*. Because Ortega, Araujo, and Bernal are Texas citizens the Court must consider whether the substitution of the non-diverse defendants destroys jurisdiction in this case.

**A. Leave to Amend and Remand**

Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave" to amend pleadings "when justice so requires." When a proposed amended pleading names a non-diverse defendant in a removed case, the Court "should scrutinize that amendment more closely than an ordinary amendment" and consider factors such as (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) dilatoriness in seeking leave to amend, (3) harm to plaintiff if amendment is not allowed, and (4) "any other factors bearing on the equities." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *accord Petty v. Great W. Cas. Co.*, 783 F. App'x 414, 415 (5th Cir. 2019) (per curiam). *See also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* is the "correct legal standard" to apply in determining whether joinder of non-diverse parties should be permitted after removal). The Court considers each factor in turn.

**1. Whether the purpose of the amendment is to defeat federal jurisdiction**

A finding that the plaintiff has a valid cause of action against the non-diverse party cuts in favor of granting leave to amend and allowing joinder. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991). Bernal is alleged to have been stacking sixteen-foot two-by-fours when the boards fell and hit Ortega on the head. *ECF No. 14 at 10*. As a manager, Araujo is alleged to have known or should have known of Bernal's dangerous activity. *Id.*

"If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff." *Garrison v. The Sherwin-Williams Co.*, No. 4:10-CV-128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010), *report and recommendation adopted*, 2010 WL 2573963 (E.D. Tex. June 22, 2010); *accord Molina v. Wal-Mart Stores, Texas, LLC*, No. SA-18-CA-1273-XR, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019).

The allegations of Bernal's direct involvement by his dangerous, and therefore negligent stacking of two-by-fours, show that Ortega may have a colorable negligence claim and indicate Ortega's primary purpose is not to defeat diversity. The allegation against Araujo does not allege this assistant manager created the dangerous condition or was directly involved in the conduct that caused Ortega's injuries and indicates this defendant may have been added to defeat diversity. Because "the existence of even a single valid cause of action" against a non-diverse defendant "requires remand of the entire case to state court," Ortega's colorable claim weighs in favor of granting leave to amend and permitting joinder of Bernal. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 402, n.11 (5th Cir. 2004) (collecting cases).

Failure to name a non-diverse defendant a plaintiff knew or should have known about prior to removal weighs against permitting joinder. *See Rouf v. Cricket Communications, Inc.*, No. H–13–2778, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying amendment after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). A plaintiff's contemplation of the addition of a non-diverse defendant prior to removal suggests the purpose of the amendment is not to destroy diversity. *See Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008) (weighing first factor in favor of remand where the circumstances revealed "ample evidence that the plaintiffs' suit against the newly added defendants was contemplated and even intended before the defendants removed the case").

 Ortega knew of Bernal's existence and role in this case from the start, but he did not know Bernal's identity. Ortega's inclusion of an Unknown Employee stacking two-by-fours in his original petition shows that Bernal's addition was contemplated prior to removal. The naming of a Doe defendant and subsequent substitution of the actual defendant once the Doe's identity is known weighs in favor of allowing amendment and permitting joinder. *See Mitchell v. Wal-Mart Stores, Inc.*, No. 6:15-2506, 2016 WL 447721, at *4 (W.D. La. Feb. 4, 2016) (finding that the plaintiffs clearly contemplated naming the non-diverse defendant as soon as his identity was discovered and noting that the non-diverse defendant was not a new defendant, but a substitution "for the fictitious, unknown John Doe defendant, who was included in the original petition for damages").

Ortega's colorable negligence claim against Bernal coupled with Ortega's designation of an Unknown Employee defendant from the outset inclines the Court to conclude that Ortega does not seek to add Bernal as a non-diverse defendant primarily to defeat diversity jurisdiction.

**2. Whether the plaintiff has been dilatory in asking for amendment**

The procedural posture of the case and the "amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal" are considered in determining whether a plaintiff has been dilatory in asking for amendment. *Murphy v. Sterline Jewelers Inc.*, No. 5:17–CV–662–DAE, 2018 WL 7297905, at *7 (W.D. Tex. Feb. 13, 2018) (where the plaintiff "knew the identities" of the non-diverse defendants "and their potential liabilities when she filed the state court petition" waiting three months to file her proposed amendment "was not diligent").

Ortega did not know the identities of the non-diverse defendants when he filed his state court petition. Lowe's removed this case on October 16, 2020. Ortega filed his motion to amend on January 5, 2021, two days after counsel for Lowe's disclosed Araujo and Bernal's names. *ECF No. 18 at 3-5*. Because Ortega filed his motion to amend mere days after counsel for Lowe's disclosed the non-diverse defendant's names, the Court finds this factor weighs in favor of allowing amendment.

**3. Whether plaintiff will be significantly injured if amendment is not allowed**

In weighing this factor, courts consider "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe v. Singh*, No. H–10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010). And "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A–11–CV–1007–LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). The presence of a diverse defendant that can pay a future

judgment has been found to satisfy this factor in favor of denying leave to amend. *O'Connor v. Auto. Ins. Co. of Hartford Connecticut*, 846 F. Supp. 39, 41 (E.D. Tex. 1994).

Ortega states in his *Hensgens* brief that he would be injured if he expended time and money pursuing his claims in the wrong forum, only to have the matter remanded later. However, he concedes that either state or federal court would provide him an equitable forum to pursue recovery. While this factor is largely neutral because Ortega has not demonstrated that he will be denied complete relief without Bernal's presence, the Court notes that removal has had a financial impact on this case.

**4. Other equitable factors**

The parties do not address any other factors bearing on the equities. The Court notes that all of Ortega's claims are Texas claims, making it unlikely that either party will be prejudiced if a Texas court presides over the case.

Because the first and second factors weigh heavily in favor of amendment and the remaining factors do not offset them, the Court concludes amendment is proper.

**B. Costs and Expenses**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While a district court has discretion to award or deny costs, the Supreme Court provides the following guidance:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

> In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (citations and internal quotation marks omitted).

Ortega named non-diverse Doe defendants and alleged their potential liabilities in his state court petition. While a technically legal basis may have existed at the time of removal due to the Doe defendants, Lowe's had no objectively reasonable basis to remove this case when it did. Lowe's possessed the information that would determine citizenship of the Doe defendants. Yet, it did not provide that information until this action had been pending in federal court for eighty days. *ECF No. 18 at 3-4*. The state court petition on its face showed that diversity jurisdiction was lacking. It alleges two unknown Lowe's employees were stacking boards at a San Antonio Lowe's—four and a half hours from the nearest state border.

Rather than ascertain the viability of these undoubtedly in-state defendants and the claims against them in the state court proceedings, Lowe's removed the case to federal court. It then withheld the identity of the Doe defendants for eighty days. The removal imposed needless litigation costs upon the other party, upset the sensitive principles of federalism underlying our nation's dual court system, and frustrated judicial economy. Resolving any issue regarding the Doe defendants at the state court would not have denied Lowe's the opportunity to remove this

case to federal court. *See* 28 U.S.C. § 1446(b)(3) (generally permitting removal thirty days after receipt of written notice that a case has become removable).

Accordingly, the Court finds it may be appropriate to award Plaintiff's removal-related costs and actual expenses, including attorney fees to reimburse Plaintiff for expenses incurred due to Lowe's removal.

## C. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 14). All other pending motions are **DENIED AS MOOT**. Plaintiff's amended complaint properly substitutes Michael Bernal as a defendant. Defendant Bernal and Plaintiff Ortega are Texas citizens, which deprives this Court of diversity jurisdiction. Accordingly, this case is **REMANDED** to the 150th Judicial District Court, Bexar County, Texas. The Court retains jurisdiction to consider removal-related costs and expenses pursuant to 28 U.S.C. § 1447(c). Plaintiff shall file a motion for costs and expenses with supporting documents no later than **May 21, 2021**. Defendant shall respond to such motion on or before **May 28, 2021**.

**It is so ORDERED this 6th day of May 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**